UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-018-CR-SMM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SHAWN ANTHONY JACKSON OUTLER,

    Defendant.
_____/

## PRETRIAL DETENTION ORDER

Pursuant to 18 U.S.C. § 3142, commonly known as the Bail Reform Act of 1984, a hearing was held on March 16, 2022 to determine whether Defendant SHAWN ANTHONY JACKSON OUTLER should be detained prior to trial.

The Government moved for pretrial detention of Defendant on the basis that he is a danger to the community and substantial or serious risk of flight or nonappearance. Defendant is charged by Complaint with attempted enticement of a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b) and receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2). If convicted of attempted enticement of a minor, Defendant faces a mandatory minimum penalty of ten years in prison up to life imprisonment. If convicted of receipt of child pornography, Defendant faces up to twenty years in prison. Because the charged offenses involve minor victims, a rebuttable presumption exists that Defendant poses a serious risk of flight and danger to the community if released. 18 U.S.C. § 3142(e)(3).

The Defendant has introduced sufficient evidence to rebut the presumption that he is a risk of flight. According to the Pretrial Services Report, Defendant is twenty-two years old and has

lived in South Florida since the age of two. He is a college student attending Florida Atlantic University, where he lives in the dormitory. Defendant has no criminal history and has never failed to appear in court. He does not have a passport and has never traveled outside of the United States. His mother resides in Marietta, Georgia. She is willing to allow Defendant to live with her and to co-sign on a bond for him. Although Defendant faces a significant sentence if convicted, I find that there are conditions of bond that could be set – including home confinement and electronic monitoring – that could reasonably assure his future appearance in court.

Defendant has not introduced sufficient evidence to rebut the presumption that he is a danger to the community, however. I reject Defendant's request for bond for the reasons stated below in addition to any findings made on the record at the hearing.

First, the weight of the evidence against the Defendant is strong. The Government summarized the Complaint affidavit as the factual proffer in support of pretrial detention, and defense counsel cross examined FBI Special Agent Gennady Julien. Since Special Agent Julien's affidavit may be found in the record at docket entry (DE 1), I will not recite the details in this Order.

Second, although Defendant has no criminal history, the nature of the offenses charged, for which the Government has substantial evidence, is particularly dangerous. According to the Government's evidence, the Government has identified ten girls (seven of whom are now adults) whom the Defendant began communicating with while they were minors (and Defendant was an adult). These communications occurred between July 18, 2018 and August 2021 and were sexual in nature. Some of the girls were as young as 13 and 14 years old, while Defendant was in his twenties. Several of the girls had histories of mental illness, self-harm and/or sexual abuse. Defendant asked the girls while they were minors to send sexual videos of themselves via

livestream.  According to interviews with the victims, over time Defendant began engaging the victims in a dominant/submissive online sexual relationship, belittling them, and demanding that some of them lick toilet seats, drink urine, or burn themselves on video for him.  According to the victims, Defendant would threaten to post sexual videos of them if they hesitated or refused his requests.  In January 2021, two victims began complaining about Defendant's online activity on Instagram.  Search warrants of Defendant's Instagram and Snapchat accounts showed that even after victims began publicly complaining about him, Defendant asked a 14-year-old girl to send him a video of herself masturbating with a hairbrush in April 2021, and she complied.  When Defendant was arrested, law enforcement seized his phone, two laptops, two additional Samsung phones, and a thumb drive.  These items have not been forensically examined and law enforcement does not know what the media contains.

     Defendant's conduct presents a significant danger and there are no conditions I could set that would reasonably assure the safety of the community.  Defendant used online platforms to knowingly entice minors – some as young as 13 and 14 years old – to send sexual, exploitative, and degrading images of themselves to him, and then threatened them with online exposure if they failed to comply.  Even with home confinement, there is no way to ensure he will not access the internet or cellular phones to engage in this type of predatory and exploitive behavior.  Electronic monitoring, a verbal prohibition and randomized searches are not sufficient to reasonably assure the safety of minors in general, minors online, and the minor victims in this case.  Defendant is therefore detained until further order of the Court.

     IT IS hereby **ORDERED** that the Defendant be remanded to the custody of the U.S. Marshals.  The Court also directs that the Defendant be afforded reasonable opportunity for private consultation with counsel, and the Court directs that, on order of a court of the United States or on

request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE AND ORDERED** in Chambers at Fort Pierce, in the Southern District of Florida, this 21st day of March, 2022.

_____
SHANIEK MILLS MAYNARD
UNITED STATES MAGISTRATE JUDGE