UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-14018-CR-CANNON/MAYNARD

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

SHAWN ANTHONY JACKSON OUTLER,

        Defendant.
_____/

## GOVERNMENT'S UNOPPOSED MOTION FOR PROTECTIVE ORDER

Pursuant to Fed. R. Crim. P. 16(d), the United States of America, hereby files this Unopposed Motion for Protective Order, and respectfully requests that the Court enter the attached proposed order restricting the dissemination of material disclosed to the defense pursuant to the Standing Discovery Order. In support thereof, the Government states as follows:

On March 24, 2022, a federal grand jury returned an indictment charging Shawn Anthony Jackson Outler ("Defendant") with one count of enticing a minor to engage in illegal sexual activity, in violation of Title 18, United States Code, Section 2422(b); one count of production of child pornography, in violation of Title 18, United States Code, Section 2251(a)(e); and one count of receipt of child pornography, in violation of Title 18, United States Code, Section 2252(a)(2). On March 25, 2022, the Defendant was arraigned, and the United States Magistrate Judge issued the Standing Discovery Order, giving the Government 14-days to provide discovery (DE 20)

The Government is preparing to respond to the Court's Standing Discovery Order. In discovery, the government will be providing materials that include police reports, a video-recorded victim statement, electronic service provider ("ESP") records, and other confidential records.

These materials contain personal identification information ("PII") and contact information of the victims, as well as other witnesses. Though the government will redact much of this information, it would be impractical to redact all such information while still providing Defendant with a meaningful opportunity to review and understand the discovery. Were it to be released publicly, the material to be disclosed contains information which would cause substantial harm to the privacy and dignity of the victims and witnesses in this case.

Rule 16(d)(1) of the Federal Rules of Criminal Procedure provides that the Court "may, for good cause, deny, restrict, or defer discovery or inspection" of discovery materials. The Court has broad discretion to regulate and restrict discovery and the disclosure of discovery materials. *See United States v. Campa*, 529 F.3d 980, 995 (11th Cir. 2008) (recognizing the "broad authority of the district court to regulate discovery"); *see also Alderman v. United States*, 394 U.S. 165, 185 (1969) ("[T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect.").

Crime victims, including minor victims, possess a statutory "right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8). Courts are directed to "ensure that the crime victim is afforded the rights described in subsection (a)." 18 U.S.C. § 3771(b)(1). Attorneys for the Government are empowered by statute to "assert the rights described in subsection (a)." 18 U.S.C. § 3771(d)(1). Minor victims, including the victims in this case, are additionally protected by 18 U.S.C. § 3509(d)(3), which permits the court to "issue an order protecting a child from public disclosure of the name or of any other information concerning the child in the course of the proceedings, if the court determines that there is a

2

significant possibility that such disclosure would be detrimental to the child," and that the protective order may "provide for any other measures that may be necessary to protect the privacy of the child." 18 U.S.C. § 3509(d)(3)(A), (B)(ii).

In light of the foregoing, the Government respectfully requests that the Court enter an order placing the following restrictions on the discovery materials to be made available to the defendant in this case:

1. Counsel for Defendant shall not provide the material responsive to the Standing Discovery Order to any person except as specified in the Court's order or by prior approval of the Court. See Attachment A: Acknowledgement.

2. Defendant shall possess the material responsive to the Standing Discovery Order only in the presence of his counsel and only as necessary for counsel to prepare the case.

3. Employees of defense counsel may possess the material responsive to the Standing Discovery Order only as necessary to prepare the case.

4. Third parties contracted by the government or the defense to provide expert analysis or testimony may possess the material responsive to the Standing Discovery Order, but only as necessary to prepare the case.

5. Counsel for the defendant shall ensure that the defendant and any third party that obtains access to the material responsive to the Standing Discovery Order are provided a copy of the Court's order. No third party that obtains access to or possession of the material responsive to the Standing Discovery Order shall retain such access or possession unless authorized by the Court's order. Any third party that obtains access to or possession of the material responsive to the Standing Discovery Order shall promptly destroy or return the materials once the third party no longer requires access to or possession of the material responsive to the Standing Discovery Order to assist in the preparation of the case.

6. Upon entry of final order of the Court in this matter and conclusion of any direct appeals, counsel for the government and the defendant shall destroy or cause to be destroyed all copies of the material responsive to the Standing Discovery Order, except that they may maintain copies in their closed case files following their ordinary procedures.

(INTENTIONALLY LEFT BLANK)

7. Counsel for the government and for the defendant shall promptly report any known violations of the Court's order to the Court.

Similar protective orders have been entered in other matters in the Southern District of Florida to ensure the integrity of sensitive information disclosed in discovery. *See, e.g.*, *United States v. Zamudio-Hernandez*, Case No. 21-14031-CR-AMC (DE 21); *United States v. Plummer*, Case No. 20-14023-CR-KMM (DE 18); *United States v. Williams*, 18-80053-CR-RLR (DE 22); *United States v. Price*, Case No. 13-20836-CR-UU (DE 27); *United States v. Baston*, Case No. 13-20914-CR-CMA (DE 26); *United States v. Revay*, Case No. 13-60074-CR-RNS (DE 22); *United States v. Vargas et al.*, Case No. 12-20247-CR-JEM (DE 19, 36); *United States v. Flanders et al.*, Case No. 11-20557-CR-KMM (DE 76).

The undersigned has conferred with counsel for the Defendant, who has no objection to entry of the protective order sought.

                                              Respectfully submitted,

                                              JUAN ANTONIO GONZALEZ
                                              UNITED STATES ATTORNEY

By:     s/*Diana M. Acosta*
           DIANA M. ACOSTA
           Assistant United States Attorney
           Florida Bar No. 075681
           101 South US Highway 1, Suite 3100
           Fort Pierce, Florida 34950
           Telephone: 772-293-0981
           Email: Diana.Acosta@usdoj.gov

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on April 4, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified.

                                                                *s/Diana M. Acosta*
                                                                DIANA M. ACOSTA
                                                                Assistant United States Attorney

## SERVICE LIST

| | |
|---|---|
| **Diana M. Acosta, AUSA** | **Scott Berry, AFPD** |
| EMAIL: diana.acosta@usdoj.gov | EMAIL: Scott_Berry@fd.org |
| 101 S. U.S. Highway 1, Ste. 3100 | Federal Public Defender's Office |
| Ft. Pierce, FL 34950 | 450 South Australian Avenue, Suite 500 |
| TEL: 772-293-0981 | West Palm Beach, Florida 33401 |
| Attorney for Plaintiff U.S.A. | TEL: 561-833-6288 |
| Method of Service: CM/ECF | Attorney for Defendant |
| | Method of Service: CM/ECF |