UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-14018-CR-CANNON/MAYNARD

UNITED STATES OF AMERICA,

Plaintiff,

vs.

SHAWN ANTHONY JACKSON OUTLER,

Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("the United States") and Shawn Anthony Jackson Outler (hereinafter referred to as the "Defendant") enter into the following agreement:

1. The Defendant agrees to plead guilty to Count 2 of the Indictment, which count charges the Defendant with Production of Material Containing Visual Depictions of Sexual Exploitation of a Minor, in violation of Title 18, United States Code, Sections 2251(a) and (e).

2. The United States agrees to seek dismissal of Counts 1 and 3 of the Indictment after sentencing.

3. The Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence

under the Sentencing Guidelines. The Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in Paragraph 1 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The Defendant also understands and acknowledges that the Court must impose a minimum term of imprisonment of 15 years and may impose a statutory maximum term of imprisonment of up to 30 years, followed by a term of supervised release of at least five years up to life. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 and ~~may~~ MUST order restitution. [handwritten initials]

5. The Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $5,000 will be imposed on the Defendant, unless the Defendant is deemed to be indigent, whereby the special assessment of $100 will be imposed. The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a Defendant is financially unable to pay the special assessment, the Defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the Defendant's failure to pay.

6. The United States reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, the United States further reserves the right to

make any recommendation as to the quality and quantity of punishment.

7. The United States agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the Defendant's offense level is determined to be 16 or greater, the United States will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the Defendant has assisted authorities in the investigation or prosecution of the Defendant's own misconduct by timely notifying authorities of the Defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.

8. The United States, however, will not be required to make this motion and these recommendations if the Defendant:

(1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct;

(2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or

(3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

9. The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, the United States, or the probation office, is a prediction, not a promise, and is not binding on the United States, the probation office, or the Court. The Defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the Defendant may not withdraw his plea

based upon the Court's decision not to accept a sentencing recommendation made by the Defendant or the United States.

10. The Defendant agrees to abandon to the Federal Bureau of Investigation voluntarily and immediately all of his rights, title, and interest to the following assets, which are currently in the possession and control of the Federal Bureau of Investigation:

    a. One (1) Acer Laptop, M/N: N18C3, SN: NHQ59AA002105096F93400;

    b. One (1) Acer Laptop with red rim, M/N: N18C3, S/N: NHQSVAA019250AFAF3400;

    c. Black/Silver Thumb Drive, labeled 333 Half-Evil;

    d. Black Samsung Phone, IMEI: 356272101712185;

    e. Rose Gold Samsung Phone, IMEI: 351808090379422;

    f. Red iPhone seized from the Defendant's person on March 3, 2022.

11. The Defendant understands an agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the Defendant's range of punishment under the advisory sentencing guidelines. The Defendant admits that all of the facts listed in the factual basis are part of the same acts, scheme, and course of conduct.

12. The Defendant further agrees and stipulates that the minor victims of all the conduct described in the factual basis are properly considered "crime victims" under 18 U.S.C. § 3771 and are therefore afforded all enumerated rights under this section.

13. Pursuant to 18 U.S.C. § 2259, the Defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses. The Defendant acknowledges that pursuant to 18 U.S.C. § 2259(a), the Court is required to order restitution for the full amount of the victims' compensable losses as defined at 18 U.S.C. § 2259(b)(3) and (c), as may be proved by the United States or stipulated to by the parties. The Defendant acknowledges that the Court may not decline to award restitution because of the Defendant's economic circumstances or the fact that the victims have or are entitled to receive compensation for their injuries from the proceeds of insurance or any other

4

source.  Further, pursuant to 18 U.S.C. § 3664(d)(5), the Defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable ten days prior to sentencing.

14. The Defendant is aware that Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 3742 afford the Defendant the right to appeal the sentence imposed in this case.  Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the Defendant hereby waives all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing.  The Defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291.  However, if the United States appeals the Defendant's sentence pursuant to Sections 3742(b) and 1291, the Defendant shall be released from the above waiver of his right to appeal his sentence.

15. The Defendant further hereby waives all rights conferred by Title 28, United States Code, Section 1291 to assert any claim that (1) the statute(s) to which the Defendant is pleading guilty is/are unconstitutional; and/or (2) the admitted conduct does not fall within the scope of the statute(s) of conviction.

16. By signing this agreement, the Defendant acknowledges that the Defendant has discussed the appeal waiver set forth in this agreement with the Defendant's attorney.  The Defendant further agrees, together with this Office, to request that the Court enter a specific finding that the Defendant's waiver of his right to appeal the sentence imposed in this case and his right to appeal his conviction in the manner described above was knowing and voluntary.

17. Defendant understands that by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout Defendant's life. Defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to Defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person Defendant's sex offender registration information. Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If Defendant resides in Florida following release from prison, Defendant will be subject to the registration requirements of Florida Statute § 943.0435. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon Defendant's release from confinement following conviction.

18. As a condition of supervised release, Defendant shall initially register with the state sex offender registration in Florida, and shall also register with the state sex offender registration agency in any state where Defendant resides, is employed, works, or is a student, as directed by the Probation Officer. Defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update Defendant's registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

19. The Defendant acknowledges that he has fully discussed the matters of this plea agreement and his guilty plea pursuant thereto with his attorney, and that his attorney has answered each of his questions about the strength of the government's case as well as the following rights: to go to trial, to cross-examine the government's witnesses, to testify in his own behalf, to not be

compelled to provide self-incriminating testimony, to call witnesses for the defense, and to appeal any adverse verdict that may result from a trial. The Defendant further acknowledges that he is fully satisfied with the representations provided by his attorney.

20. This is the entire agreement and understanding between the United States and the Defendant. There are no other agreements, promises, representations, or understandings.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 9-13-22    By: _____
DIANA M. ACOSTA
ASSISTANT UNITED STATES ATTORNEY

Date: 9/13/22    By: _____
SCOTT BERRY
ATTORNEY FOR DEFENDANT

Date: 9/13/22    By: _____
SHAWN ANTHONY JACKSON OUTLER
DEFENDANT