UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-14018-CR-CANNON/MAYNARD

UNITED STATES OF AMERICA,

Plaintiff,

vs.

SHAWN ANTHONY JACKSON OUTLER,

Defendant.
_____/

## *STIPULATED FACTUAL BASIS IN SUPPORT OF GUILTY PLEA*

The United States of America, by and through the undersigned Assistant United States Attorney, and the Defendant, together with his counsel, admit the Government can prove the allegations contained in Count 2 of the Indictment charging him with Production of Material Containing Visual Depictions of Sexual Exploitation of Minors, in violation of Title 18, United States Code, Sections 2251(a) and (e). These facts are not all of the facts known to the United States in this case and are offered merely to provide a sufficient factual basis to support the Defendant's guilty plea.

**Count 2**

On November 25, 2015, when the Defendant was 16, he created Snapchat account "kingtayylor2" with a display name of "Shawn". Snapchat is a multimedia instant messaging application for cellular telephones.[1] Three videos of Victim 2 masturbating with a hairbrush were recovered from the Snapchat return with a receipt date of August 30, 2021. The Defendant was 22-years old on August 30, 2021. On July 18, 2018, when the Defendant was 19, he created

---

[1] On September 21, 2021, a search warrant was executed on Snap Inc for the contents of the Defendant's Snapchat account "kingtayylor2".

Instagram accounts "atyourcervix" and "disconcerto". Instagram is a free-access social networking service.[2]

At the time of his arrest on March 3, 2022, the Defendant was engaging in a FaceTime call on a red Apple iPhone.[3] FaceTime is an Apple video telephone application that allows users to engage in one-on-one video chatting over the internet.[4] Four images of Victim 2 were recovered from the iCloud return. The meta data for three of the images show a creation date of August 30, 2021.

Snapchat records for account "kingtayylor2" establish that the Defendant and Victim 2 were communicating between July 8, 2021 through September 8, 2021. Victim 2 was 14 and the Defendant was 22. During this timeframe, the Defendant was living in Palm Beach County. The Defendant was 7 years and 11 months older than Victim 2. According to Victim 2, the Defendant initially randomly FaceTimed her on her iPhone. During this time, Victim 2 told the Defendant she was 14 years old. A screenshot of Victim 2's post depicting her clothed in the background asking for someone to FaceTime her listing her telephone number was recovered from the Defendant's iCloud account.

Based on a review of these communications, the Defendant befriended Victim 2 while also interspersing sexual comments during these chats. On August 30, 2021, the Defendant tells Victim 2 that he wants her to see him ejaculate which she initially refuses. She then asks him to send her a video instead since she's on a FaceTime call. The Defendant says sure and then asks to see her arch, a specific pose. Victim 2 agrees in exchange for Robloxs cash.[5] The Defendant then asks

---

[2] On June 28, 2021, a federal search warrant was issued for both of these Instagram accounts.

[3] On March 3, 2022, FBI personnel executed a search warrant at the Defendant's FAU dorm room. Two Samsung cellular telephones were recovered.

[4] On May 18, 2022, a search warrant was executed on Apple Inc. for the contents of the Defendant's iCloud account angevilera@icloud.com.

[5] Roblox is a popular computer game available on desktop and mobile platforms, which includes in-game privileges that can be accessed through paid subscription to a "premium" account.

if he can save an image of her. Victim 2 responds that she does not want him to save any of her images to which he states that he won't. Victim 2 then offers to sell the Defendant videos of her "pussy, titties and ass" in exchange for payment. Victim 2 then sends the Defendant a total of 3 videos of her masturbating with a hairbrush. Upon receipt, the Defendant asks if she wants premium and tells Victim 2 that her "pussy looks so tasty fr". Victim 2 accepts the Defendant's offer of payment. Victim 2 had made these videos before she began communicating with the Defendant.

After receiving the videos, the Defendant asks Victim 2 to call him on Instagram. According to Victim 2, she video called the Defendant during which time he directed her on how to masturbate. The following day, the Defendant asks Victim 2 if she "like[d] the thing we did when u closed ur eyes" to which Victim 2 responds "yeah". The Defendant then asks Victim 2 to call him for about 30 minutes to which Victim 2 responds "Idk yet". After confirming with Victim 2 that he was going to pay, he tells her "I just wanna see ass nothing extra like yesterday". Two of the images recovered from the Defendant's iCloud account are of Victim 2 spreading her naked buttocks while on her bed. The third image is of a screen shot of the Defendant's Chase account with Victim 2 captured in the right corner in a Facetime square sitting on her bed with a sheet covering her except for one of her naked breasts.

## RELEVANT CONDUCT

Through these social applications, the Defendant engaged in online communications with minor girls ranging from ages twelve to seventeen. As of March 18, 2022, ten minor females were identified, including Victim 2. All of the identified witnesses live outside the state of Florida. The Defendant resided in Saint Lucie and Palm Beach Counties. The recovered chats from Instagram and Snapchat show the Defendant communicating with minor females. The Defendant's age ranged from 19 to 22 years of age.

The Defendant initially befriended the minor females based on their posts on social media. During the friendship stage, the Defendant encouraged some of the minors to discuss issues they were having in their lives and would offer them advice. After befriending them, the Defendant's communications became sexual in nature. He enticed the females to send him images of their genitalia, to video conference themselves masturbating, to send him masturbation videos, and/or to watch him masturbate.

Victim 1 began communicating with the Defendant on his Instagram account "atyourcervix" on July 23, 2018 when she was 12. The Defendant was 19 and was approximately 6 and a half years older than Victim 1. During an Instagram chat on October 26, 2018, the Defendant directs Victim 1 to switch their communications to his Snapchat account "kingtayylor2". Victim 1 reported that the Defendant then attempted to have her masturbate while communicating on this Snapchat account. The Instagram messaging then resumes with Victim 1 telling the Defendant that she didn't like it and "no more snapchat". Recovered Instagram account records for 2018 show Victim 1 repeatedly telling the Defendant that she was 13-years old and that she didn't want to engage in any sexual conduct online. During these communications, the Defendant represented himself to be 16. Victim 1 advised that the Defendant attempted to have her masturbate for him on several occasions and sent her a video of him masturbating.

The first recovered Instagram chat between the Defendant and MV1 was on July 18, 2018. MV1 was 15, and the Defendant was 19. The Defendant initially befriended MV1 but then the relationship became sexual in nature. MV1 produced and transmitted sexually explicit media of herself to the Defendant at his direction. Recovered Instagram chats corroborate that the Defendant was having a virtual sexual relationship with MV1. In some of these chats, the Defendant directs MV1 to send him images of her genitalia, to video chat herself masturbating and directs her on how to masturbate when she was a minor. MV1 additionally provided screenshots

4

of communications wherein the Defendant identified his name as "Shawn Anthony Outler" residing at 181 N, 1880 East University Drive, Boca Raton, Florida, and attending FAU.

Per recovered Instagram records, MV2 was 16 when she began communicating with the Defendant in 2018. The first recovered chat was on October 17, 2018. The Defendant was 19 years old. Initially, MV2 and the Defendant became friends. When MV2 was 17, the relationship became sexual in nature. The Defendant then began directing MV2 to produce sexually explicit images and videos of herself, to include videos of MV2 masturbating and penetrating herself with sex toys. The last communication between MV2 and the Defendant was on January 25, 2021.

Per recovered Instagram records, MV3 began communicating with the Defendant in July 2018 during which time they became friends. The first recovered Instagram chat between MV3 and the Defendant was on July 18, 2018. MV3 was 15 and the Defendant was 19. In December 2018, the remote online relationship between the Defendant and MV3 became sexual in nature. The Defendant requested sexually explicit images of MV3, to include nude images, images of MV3's breasts and genitalia, and videos of MV3 masturbating. Recovered Instagram chats corroborate that the Defendant was having an online sexual relationship with MV3. In some of these chats, the Defendant directs MV3 to send him images of her genitalia, and directs her to masturbate and on how to masturbate while he watches. The Defendant sent MV3 a screenshot of his Florida identification card which identified his name as "Shawn-Anthony", and his date of birth.

MV4 began communicating with the Defendant during the summer of 2018 on Instagram. The remote online friendship between MV4 and the Defendant eventually became sexual in nature. According to MV4, the Defendant requested sexually explicit images and videos of MV4 on a daily basis to which MV4 complied. MV4 transmitted sexually explicit media to the Defendant when she was between 15 and 17-years of age. Recovered Instagram chats confirm that the

Defendant and MV4 were engaged in an online sexual relationship. Based on the first recovered chat on April 21, 2020, MV4 was 17 and the Defendant was 20.

MV5 began online communications with a subject who identified himself as "Jordan" via the Defendant's Instagram accounts. MV5 communicated with "Jordan" from 2018 to 2019 when MV5 was 16 and 17-years of age. MV5 provided screenshots of some of her communications with "Jordan". After the relationship ended, MV5 learned through other minor victims on Instagram that "Jordan" was in fact the Defendant. Her relationship with the Defendant began as friends, but quickly became sexual in nature. The Defendant requested sexually explicit media of MV5, which MV5 produced and transmitted to the Defendant via Instagram, and Snapchat account "lookhereboy". In the only recovered Instagram chat dated April 16, 2019, the Defendant direct messages MV5 to "send an ass pic" because he's horny to which MV5 refuses. MV5 was 16 and the Defendant was 19 during this communication.

MV6 and the Defendant's relationship began online when she was a sophomore in high school. MV6 engaged in video calls via Facetime, and exchanged images and videos with the Defendant via his Snapchat accounts "kingtayylor2" and "lookhereboyy". The first recovered Instagram chat between MV6 and the Defendant was on August 18, 2018. MV6 was 15 and the Defendant was 19. Recovered Instagram chats confirm that the Defendant directed her to produce specific sexually explicit media, including images of her genitals and breasts, and videos of her masturbating and instructed her on how to masturbate. Images of MV6 as a minor were recovered from the Defendant's Instagram accounts which included images of MV6 nude on a couch, and showing her buttocks in a mirror with her underwear pulled slightly to the side, displaying her anus.

MV7 communicated with the Defendant via Instagram account "disconcerto" and his Snapchat account "lookhereboy". The first recovered Instagram chat between MV7 and the

Defendant was on July 24, 2019. MV7 was almost 17 and the Defendant was 20. The relationship was initially a friendship but then became sexual. The Defendant requested sexually explicit images and videos of MV7 as a minor, to include videos of MV7 using objects to penetrate herself such as markers or a hairbrush. Media of MV7 was recovered from the Defendant's Instagram account "disconcerto". This media included a video of MV7 penetrating her vagina with what appeared to be a small spray bottle, which was transmitted, and the Defendant received on November 28, 2019, when MV7 was 17-years old.

The Defendant's black Samsung contained records of communications with several of the identified minor victims. Specifically, the Defendant retained screen shots of chats with MV1, MV2, and MV7. Nonexplicit images of MV2, MV3, MV7, and Victim 2 were also recovered. An image of MV2 exposing her breasts, a video of MV7 fellating what appeared to be a small spray bottle, and a nude image of MV6 matching a nude image of MV6 recovered from the Defendant's Instagram accounts, were also recovered. On this black Samsung phone, the Defendant also retained several screenshots of Instagram posts by MV1 and MV2 documenting their reports to law enforcement regarding the Defendant's conduct

The Defendant admits that he understands the elements for proving Production of Material Containing Visual Depictions of Sexual Exploitation of Minors, in violation of Title 18, United States Code, Sections 2251(a) as charged in Count 2, are as follows:[6]

- (1) an actual minor, that is, a real person who was less than 18 years old, was depicted;
- (2) the Defendant used, persuaded, induced, enticed, coerced, the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction, e.g., video tape recording of the conduct;
- (3) either (a)the Defendant knew or had reason to know that the visual depiction, e.g., video tape would be transported in interstate or foreign commerce; (b)the visual depiction, e.g., video recording was produced using materials that had

---

[6] Eleventh Circuit Pattern Criminal Jury Instructions O82 (2022).

been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer; or (c) the visual depiction, e.g., video tape recording was actually transported in interstate or foreign commerce.

The term "producing" means producing, directing, manufacturing, issuing, publishing, or advertising.

The term "interstate or foreign commerce" means the movement of a person or property from one state to another state or from one state to another country.

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high-speed data-processing device performing logical, arithmetic, or storage functions, and includes any data-storage facility or communications facility directly related to or operating in conjunction with that device.

The term "visual depiction" includes undeveloped film and videotape, and data stored on a computer disk or by any other electronic means that can be converted into a visual image.

The term "minor" means any person who is less than 18 years old.

JOSE ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 9-13-22        By: _____
                          DIANA M. ACOSTA
                          ASSISTANT UNITED STATES ATTORNEY

Date: 9/13/22        By: _____
                          SCOTT BERRY
                          ATTORNEY FOR DEFENDANT

Date: 9/13/22        By: _____
                          SHAWN ANTHONY JACKSON OUTLER
                          DEFENDANT