UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-14018-CR-CANNON

UNITED STATES OF AMERICA,

    Plaintiff,
vs.

SHAWN ANTHONY JACKSON OUTLER,

    Defendant.
                                 /

**DEFENDANT'S OBJECTIONS TO
PRESENTENCE INVESTIGATION REPORT**

Mr. Outler pled guilty to one count of production of child pornography, in violation of 18 U.S.C. § 2251(a). [DE 61, 62]. The indictment alleged that, on or about August 30, 2021, he did "use, persuade, induce, entice, and coerce, a minor, that is Victim 2, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and that visual depiction was produced. . ." [DE 19]. Mr. Outler concedes the two images of Victim 2 (aka MV9) "spreading her buttocks while on her bed" were produced in response to Mr. Outler's request for a picture of her "arch." [DE 63:3]. However, he also received three videos she had made of herself masturbating with a hairbrush – videos she created *before* she ever met him. [DE 63:3]. These videos form the basis for the erroneous guideline calculation before this Court.

In calculating Mr. Outlet's guideline range, probation used U.S.S.G. § 2G2.1, which set the base offense level at 32. [PSR ¶ 101]. Mr. Outler's total offense level

1

should be 40 – he receives three 2-level increases (involved a minor [PSR ¶ 102], a sexual act [PSR ¶ 103], and a computer [PSR ¶ 105]), a 5-level increase for engaging in a pattern of activity of prohibited sexual conduct [PSR ¶114], and a 3-level reduction for acceptance of responsibility [PSR ¶¶ 115, 116]. Instead, probation mistakenly included an additional 4-level enhancement for material depicting sadism, masochism or violence [PSR ¶ 104], yielding the improper total offense level of 43. [PSR ¶ 117].[1] With a criminal history category I [PSR ¶ 120], probation then found a guideline range of 360 months [PSR ¶ 170] instead of the correctly calculated 292-365 month range. Mr. Outler objects.

> A. *Despite MV9 creating the charged videos prior to meeting Mr. Outler, probation erroneously found the content to be "relevant conduct" to increase his guideline range.*

The Sentencing Guidelines accept that actions and harms may exist that do not fall squarely under the charged conduct but should nevertheless be considered by the court. Section 1B1.3 delineates what "relevant conduct" is, including (1) acts either by the defendant or by others jointly undertaking the crime done in preparation for, during, or to avoid responsibility for the offense; (2) all such acts for other offenses when grouping is required by 3D1.2(d), and; (3) all resulting or

---

[1] In the draft PSR, based on the Special Instruction in section 2G2.1(d), probation also engaged in a multiple count analysis under section 3D1.4. [PSR ¶¶ 47-100, 110-113]. After discussion with the parties and conducting additional research, probation determined its analysis was incorrect and advised it will remove it from the PSR, and Mr. Outler expects probation will calculate the guidelines as described above. However, to the extent the issue is not moot, he objects to the multiple count analysis as well as a misapplication of 3D1.4. *See United States v. Randall*, 924 F.3d 790, 797-98 (5th Cir. 2019) (finding plain error for application of 'pseudo counts' based on §§ 2G2.1, 1B1.3, and 3D1.2 of the Sentencing Guidelines).

2

intended harms. U.S.S.G. § 1B1.3(a). And it narrows the scope, requiring relevant conduct to give context specifically to "the offense of conviction." *See* U.S.S.G. § 1B1.3(a)(1)(A) and (a)(2). As a panel of the Eleventh has noted, "the term 'offense of conviction' is narrow in scope, referring only to the conduct charged in the indictment for which the defendant was convicted." *Diaz v. United States*, 799 F. App'x 685, 688 (11th Cir.), *cert. denied*, 208 L. Ed. 2d 95, 141 S. Ct. 370 (2020) (citing *United States v. Scroggins*, 880 F.2d 1204, 1209 n.12 (11th Cir. 1989)) (cleaned up). Here, probation believes the videos[2] qualify either as acts by the defendant during the commission of his offense or as acts requiring grouping with his offense. *See* U.S.S.G. § 1B1.3(a)(1)(A) and (a)(2).

Applying the "offense of conviction" scope properly, the videos cannot qualify as relevant conduct because Mr. Outler could not have and did not "commit[], aid[], abet[], counsel[], command[], induc[], procur[], or willfully cause[]" the production of the videos' content. He could not have directed MV9 to create the content because she sent him videos she selected and created before she knew him. [PSR ¶32] Nor did Mr. Outler ask MV9 to send him such content; rather, in subsequent conversation, he asked her *not* to send him anything more than his specific request. DE 63:3. And, while Mr. Outler received the videos and their prohibited content, he did not

---

[2] Mr. Outler's offense conduct – the *production* of child pornography – included the creation, at his request, of two images depicting Victim 2 "spreading her buttocks while on her bed." That conduct cannot support the 4-level enhancement under section 2G2.1(b)(4)(A), *see* discussion *infra* part B, nor does probation suggest it would.

3

encourage MV9 to "engage in the sexually explicit conduct" they show. *See* 18 U.S.C. § 2251(a).

Nor are the videos relevant conduct because Mr. Outler's possession or receipt of them is criminal. In order for his ancillary receipt to merit application of the 4-level increase, it must first be conduct which, if charged as a separate count, would group with his convicted offense under section 3D1.2(d). U.S.S.G. § 1B1.3(a)(2)("solely with respect to offenses of a character for which § 3D1.2(d) would require grouping of multiple counts . . ."). Section 3D1.2(d) "specifically exclude[s] from [grouping]" offenses covered by the production of child pornography guideline, §2G2.1. *See, e.g.*, *United States v. Randall*, 924 F.3d 790, 797-98 (5th Cir. 2019) (rejecting application of 'pseudo counts' for conduct with other victims based on §§ 2G2.1, 1B1.3, and 3D1.2 of the Sentencing Guidelines); *United States v. Schock*, 862 F.3d 563, 567-568 (6th Cir. 2017) (rejecting inclusion of produced image and suggesting proper context where it would be allowed under 1B1.3(a)(1))

> *B. Even if the video content can be considered "relevant conduct," it does not meet the definition of sadistic, masochistic or violent conduct under section 2G2.1(b)(4)(A).*

Because the Guidelines do not define the terms "sadistic," "masochistic," or "violent," courts must construe them according to their ordinary meanings. *United States v. Rogers*, 989 F.3d 1255, 1262 (11th Cir. 2021). An image is "sadistic" where it depicts the "infliction of pain," or "excessive cruelty;" "masochistic" where it depicts "physical abuse," or "humiliation;" and "violent" where it shows "exertion of physical force so as to injure or abuse." *Id.* An image depicting penetration of a prepubescent

4

minor qualifies for this enhancement because the conduct "would necessarily be painful." *United States v. Hall*, 312 F.3d 1250, 1261–63, 1262 n.15 (11th Cir. 2002). A prepubescent minor is one who has not turned 12. *Id*. *Accord*, U.S.S.G.§ 2G2.2(b)(2) ("minor who has not attained the age of 12" constitutes a "prepubescent minor."). Only one circuit has created a bright-line rule that any penetration of a minor is sufficient to warrant the enhancement. *United States v. Starr*, 533 F.3d 985, 1001-02 (8th Cir. 2008) (finding self-penetration by 17-year-old supported enhancement). *But see*, *United States v. Cover*, 800 F.3d 275, 279–81 (6th Cir. 2015) (reversing when court found video "depict[ing] an 11 to 13 year-old female engaging in oral and genital intercourse with a male . . .[was] sadistic or masochistic as a matter of law.")

"The question of whether an image portrays sadistic or masochistic conduct or other depictions of violence is strictly an objective inquiry." *Rogers*, 989 F.3d at 1262, *citing United States v. Bleau*, 930 F.3d 35, 40 (2d Cir. 2019). "[T]he inquiry should focus on whether the image depicts conduct that an objective observer would perceive as sadistic, masochistic, or violent, 'rather than making subjective determinations about the thoughts or intentions of the specific individuals being depicted." *Id.*, *quoting United States v. Corp*, 558 F.3d 379, 389 (6th Cir. 2012). A similar test supported the result in *Cover* when the Sixth Circuit Court of Appeals reversed a sentence applying the enhancement to a depiction of a 13-year-old or younger female engaging in oral and genital intercourse with a man. *Cover*, 800 F.3d at 280. The appellate court explained the objective test required a sentencing court to "determine, based on the contents within the four corners of the image, whether the

5

circumstances being portrayed are such that an outsider would perceive them as depicting the infliction of pain or humiliation on the minor." *Id.* (quoting *United States v. Corp*, 668 F.3d 379, 389-90 (6th Cir. 2012)). Under that objective test, the description of the act "alone" was insufficient. *Id.* at 280-81.

Thus, when the depicted offense does not meet the bright-line test of prepubescent minor and object, courts look to the surrounding circumstances, such as statements made, the type of object, and the origin of the idea, to determine the enhancement's applicability. Focusing on context, multiple courts have found that depictions of a non-prepubescent self-penetrating with an object because of directions from the defendant or another participant qualify for the enhancement. *See, e.g.*, *United States v. Bleau*, 930 F.3d 35, 41 (2d Cir. 2019) (finding vibrator and sex toy use by 12 to 14 year old was "mentally degrad[ing] and humiliat[ing]" based on video where child was receiving directions from person off camera, appeared nervous, looked sad, and covered her face); *United States v. Johnson*, 784 F.3d 1070, 1071, 1073–76 (7th Cir. 2015) (approving enhancement where objective evaluation of photos by 12 year old suggested she "was not [self-penetrating] for her own pleasure [and would not] have conceived of doing such a thing" but for defendant's instruction). Likewise, the Eleventh Circuit Court of Appeals affirmed the enhancement for an image showing insertion of a toothbrush into a 14-year old girl because the child said it "would be painful" when he sent her the request, and the defendant "responded that he 'like[d] seeing [her] in pain.'" *United States v. Sanchez*, 30 F.4th 1063, 1075 (11th Cir. 2022).

In this case, MV9 was not "prepubescent" according to precedent or the Guidelines and neither Mr. Outler nor she made any statement about pain, embarrassment, or emotional distress. In fact, MV9 produced the hairbrush videos prior to ever meeting Mr. Outler and nothing depicted in them suggests she was in pain during the act. Finally, there is nothing inherently sadistic, masochistic, or violent about using a hairbrush to masturbate. As such, the 4-level enhancement does not apply here.

Respectfully submitted,

MICHAEL CARUSO
FEDERAL PUBLIC DEFENDER

*s/Scott Berry*
Scott Berry, B.C.S.
Assistant Federal Public Defender
Attorney for Defendant
Bar Number: 0525561
250 South Australian Avenue
Suite 400
West Palm Beach, Florida 33401
Phone:  (561) 833-6288
email:  *scott_berry@fd.org*

**CERTIFICATE OF SERVICE**

I HEREBY certify that on December 2, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: *s/Scott Berry*
Scott Berry